**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tikisha Bledsoe, | No. CV-19-05030-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| HonorHealth, | |
| Defendant. | |

At issue is the parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 17). One provision of the parties' proposed protective order is not permitted by law. In paragraph 16, the parties state that they "stipulate that . . . Confidential Material shall be filed under seal without the need to take further steps to obtain a subsequent order from the Court permitting such document(s) to be filed under seal." But the Ninth Circuit has stated that because the public has the right to access information related to lawsuits in federal court, parties must generally file all documents without redaction and without sealing them. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Any restriction to the public's access to information may be done only with leave of Court except to the extent the Federal Rules of Civil Procedure provide otherwise. (*See* Rule 5.2.) In other words, the parties may not simply stipulate around the public's right to access information.

Accordingly, any protective order entered by the Court must include the following language:

Nothing in this protective order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal, such party shall seek leave of Court and shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1] Further, no portion of the trial of the matter shall be conducted under seal.

IT IS THEREFORE ORDERED denying the parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 17). Any protective order entered by the Court must include the language provided in this Order.

Dated this 6th day of November, 2019.

_____
Honorable John J. Tuchi
United States District Judge

---

[1] If a party wants to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising, the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least two weeks before the due date of the filing in which they wish to reference the information.